UNITED STATES *v.* BOYD and others.

*(Circuit Court, S. D. New York.   July 22, 1885.)*

CUSTOMS DUTIES—FRAUDULENT ENTRY OF GOODS AS FREE—ACTION TO RECOVER DUTIES.
　　Where merchandise, which was subject to the payment of duties, upon which no duties were paid by the importers, because they procured the merchandise to be entered and delivered to them free of duty, and without any examination by the customs officer, by means of false and fraudulent representations to the secretary of the treasury that the merchandise was imported for the use of the United States, which induced that officer to issue a permit for the entry of the merchandise free of duty, has been thus falsely entered, the United States may maintain an action to recover the duties unpaid.

At Law.

This suit for recovery of duties arose upon facts similar to those stated in the case of *U. S.* v. *Boyd, post,* 692.

*Stanley, Clarke & Smith,* for defendants.

*John Proctor Clark,* Asst. U. S. Atty., for plaintiff.

WALLACE, J.   This action is brought to recover duties. The complaint, which is demurred to, alleges in substance the importation by the defendant into the port of New York of dutiable merchandise from a foreign country, which was subject to the payment of duties, upon which no duties were paid by them, because they procured the

merchandise to be entered and delivered to them free of duty, and without any examination by the customs officer, by means of false and fraudulent representation to the secretary of the treasury that the merchandise was imported for the use of the United States, which induced that officer to issue a permit for the entry of the merchandise free of duty.

It is insisted, in support of the demurrer, that an appraisement of the merchandise and liquidation of the duties by the proper customs officer are conditions precedent to the right of the government to collect the duties; and that in the absence of such appraisement and liquidation, the only remedy of the government is to proceed for a forfeiture of the merchandise under section 12 of the act of June 22, 1874, known as the "Moiety Act."

The demurrer is without merit. It is a very ancient doctrine that debt lies for customs due upon merchandise even though the goods are forfeited for non-payment of duties. The authorities are cited in the opinion of Story, J., in *U. S.* v. *Lyman*, 1 Mason, 481. Where goods were smuggled, or where the possession of the goods was relinquished by the customs officer through fraud or mistake, the duties were recovered in the English exchequer by information, and the importer might be called upon by information in equity to disclose the amount and value of the goods for the purpose of ascertaining the amount of duties payable. *Attorney Gen.* v. *Cresner*, 1 Parker, 279. In the case of *Meredith* v. *U. S.* 13 Pet. 486, where the language of the statute imposing duties upon imported merchandise was substantially the same as that employed in the statutes in force when the merchandise in suit was imported, the supreme court held that the right of the government to the duties accrues, in the fiscal sense of the term, when the goods arrive at the port of entry; and that the debt for the duties is then due, although it may be payable afterwards according to the regulations of acts of congress, as where a bond is given for the duties, or a deposit of the goods is made by the importer, in which case the importer is entitled to the time of credit allowed by law. There are many other decisions of the supreme and circuit courts to the same effect, which need not be cited, but it is proper to refer to the cases of *U. S.* v. *George*, 6 Blatchf. 406, 415, and *U. S.* v. *Cobb*, 11 Fed. Rep. 76, as bearing more directly upon the questions involved here. In the first of these cases Benedict, J., uses the following language:

"It is said that there could be no legal liability for duties because no duties can be 'collected, levied, and paid' as duties unless the merchandise is in the possession and control of the government; that, as soon as property is fraudulently withdrawn, the power to collect duty ceases; and fines, penalties, and forfeitures are imposed. But the law is otherwise. Duties are not simply a charge on merchandise to be collected only by the custody of the property. They are also a personal charge against the importer—a debt created by law which may be collected by a civil action wholly irrespective of the possession of the goods."

The case of *U. S.* v. *Cobb* is directly in point. There certain merchandise had been so classified by the instructions of the secretary of the treasury as to permit it to be imported free of duty, and, although dutiable, by oversight was entered free, and was delivered to the importers without examination or appraisement. A suit was subsequently brought to recover the duties to which the merchandise was subjected, and the court held the action maintainable. The court said:

"They [the duties] are due, although the goods have been smuggled, or for any reason never come into the hands of the customs officer, or the statute proceedings have never been instituted, or, through accident or mistake or fraud, no duties or short duties have been paid; and the importer is not discharged of his debt by the delivery to him of the goods without payment."

It is not necessary to decide whether the government can at the same time proceed for a forfeiture of the merchandise for the non-payment of duties, and for a recovery of the duties in an action of debt, as that question does not arise upon the pleadings. Upon principle it would seem very plain that the defendants, who have deprived the government by their fraudulent acts of an opportunity to appraise the goods and liquidate the duties, cannot complain because such proceedings were not taken.

The demurrer is overruled.