## UNITED STATES v. NATIONAL FIBRE BOARD CO.

(District Court, D. Maine. November 26, 1904.)

### No. 82.

1. CUSTOMS DUTIES—ACTION TO RECOVER—JURISDICTION OF DISTRICT COURT.

A district court of the United States has jurisdiction of an action of debt to recover duties due from an importer to the United States, which through accident, mistake, or fraud have not been paid, the government not being limited to its remedy by summary proceedings against the goods under sections 13 and 14 of the customs administrative act of June 10, 1890, 26 Stat. 136, 137 [U. S. Comp. St. 1901, pp. 1932, 1933], or other provisions of the tariff laws for the collection of duties, which are not only a charge against the goods, but also a personal debt of the importer.

On Motion by Defendant to Dismiss.

Isaac W. Dyer, U. S. Dist. Atty.

Jerome F. Manning, for defendant.

HALE, District Judge. This is a civil action of debt, brought by the United States against the defendant, for the recovery of duties upon merchandise imported into the United States. The merchandise so imported, upon which duties are sought to be recovered, are certain bales of tow of flax entered as waste paper stock. The case now comes before the court upon the defendant's motion to dismiss the action on the ground that the court has no jurisdiction.

The only question presented to the court upon the record is: Has a district court of the United States jurisdiction to entertain an action of debt to recover duties due from an importer to the United States? The learned counsel for the defendant urges that the government is, limited to the summary proceedings before the collector and before the general appraisers, as provided in sections 13 and 14 of the act of June 10, 1890 (26 Stat. 136, 137 [U. S. Comp. St. 1901, pp. 1932, 1933]), and in other provisions of the existing tariff law; and that the government has no other remedies against an importer for the collection of its duties. This question has been fully considered and passed upon by the courts. In United States v. George, 6 Blatch. 406, at page 416, Fed. Cas. No. 15,198, Judge Benedict says:

"It is said that there can be no legal liability for duties, because no duties can be collected, levied, and paid as duties unless the merchandise is in the

possession and control of the government; that, as soon as property is fraudulently withdrawn, the power to collect duty ceases, and fines, penalties, and forfeitures are imposed. But the law is otherwise. Duties are not simply a charge on merchandise to be collected only by the custody of the property. They are also a personal charge against the importer—a debt created by law —which may be collected by a civil action, wholly irrespective of the possession of the goods."

In United States v. Boyd (C. C.) 24 Fed. 690, Judge Wallace, of the New York circuit, cites with approval the above case of Judge Benedict. Judge Wallace says:

"It is a very ancient doctrine that debt lies for customs due upon merchandise, even if the goods are forfeited for nonpayment of duties."

The whole line of authorities are cited in an opinion of Judge Story in United States v. Lyman, 1 Mason, 482, Fed. Cas. No. 15,-647. A leading case upon this subject is found in this circuit in United States v. Cobb (C. C.) 11 Fed. 76, where, at page 78, Judge Nelson says:

"The first objection was that the passage of the goods as free at the date of the entry was a decision of the collector, equivalent to a final liquidation of the duties in the case of dutiable goods; that the goods were free of duty; and that this decision was binding on the government; but this is manifestly not so. * _* * The summary proceedings which the customs officers are required by law to take against the goods are in the nature of proceedings in rem, but are not the sole remedies of the government for the collection of its duties. It is well settled that the right of the government to the duties is not limited to the lien on the goods or to the bond given for their payment. The act makes the duties a personal debt or charge upon the importer, which accrues to the government immediately upon the arrival of the goods at the proper port of entry. They are due although the goods have been smuggled, or for any reason have never come to the hands of the customs officers, or the statutory proceedings have never been instituted, or through accident, mistake, or fraud no duties, or short duties, have been paid; and the importer is not discharged from his debt by a delivery to him of the goods without payment."

The court also refers, in the case last cited, to Meredith v. United States, 13 Pet. 486, 10 L. Ed. 258; United States v. Lyman, 1 Mason, 483, Fed. Cas. No. 15,647; United States v. Phelps, 17 Blatch. 312, Fed. Cas. No. 16,039.

United States v. Meredith, supra, the leading case upon the subject, has been referred to by the learned attorney for the government in the case at bar. In that case Mr. Justice Story says:

"An action of debt lies in favor of the government against the importer for the duties whenever, by accident, mistake, or fraud, no duties, or short duties, have been paid."

Upon an examination of sections 13 and 14 of the act of June 10, 1890, and of all the other provisions relating to summary proceedings which the customs officers are required by law to take against imported goods, the court can have no question but that these are summary proceedings in rem against imported goods, but that the government is not limited by statute to these proceedings, and is not prevented by them from bringing a civil action for the collection of duties, whenever, by accident, mistake or fraud, no duties have been paid. In the decisions which we have cited, duties are distinctly held to be a personal debt or charge upon the importer.

The rulings to which we have referred are not in any way affected by the present legislation of Congress relating to the subject-matter. Duties are still a personal debt, for which an action may be brought by the government against the importer immediately upon the arrival of the goods at the proper port of entry. Such action, being personal in its nature, may be brought in the district where the defendant resides; and in this district an action of debt is the appropriate remedy. The District Courts of the United States have jurisdiction of such actions, under section 563, par. 4 [U. S. Comp. St. 1901, p. 456], of the Revised Statutes of the United States, such actions being authorized by the controlling decisions of the United States courts.

The motion to dismiss is overruled, with costs.