UNITED STATES v. FEDERAL SUGAR REFINING CO.

(District Court, S. D. New York. February 20, 1913.)

CUSTOMS DUTIES (§ 81*)—FRAUDULENT UNDERVALUATION—RELIQUIDATION— FINDINGS OF COLLECTOR—EFFECT.

Act Cong. June 22, 1874, c. 391, § 21, 18 Stat. 190 (U. S. Comp. St. 1901, p. 1986), provides that where goods are entered, duty paid, and delivered to their owner, such settlement of duties, after the expiration of one year from the time of entry, in the absence of fraud, shall be final and conclusive on all parties. *Held* that, where duties on raw sugar had been liquidated and paid, the findings of a collector, who succeeded in office the one regularly liquidating the duties, that such liquidation was fraudulent in that the sugar had been underweighed, was not conclusive of the question of fraud in an action by the United States against the importer to recover additional duties under a reliquidation occurring more than a year after the entry.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 197; Dec. Dig. § 81.*]

Action by the United States of America against the Federal Sugar Refining Company. On demurrer to complaint. Sustained, with leave to amend.

This case comes here upon demurrer to the complaint upon the ground that it fails to state facts sufficient to constitute a cause of action.

The complaint alleges that at various dates, stated in a schedule annexed, the defendant and its predecessors imported certain cargoes of raw sugar into the United States which were subject to duty, in part, according to the weight

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

thereof, and all of which were entered at the New York Custom House and liquidated by the collector on the basis of the weights stated as duty weight.

That on or about March 26, 1912, and more than a year subsequent to the original liquidation and payment of the duties upon the raw sugar so imported, the collector reliquidated the same and assessed thereon the additional amounts stated in the said schedule amounting in the aggregate to $119,080.98. That the said reliquidation was made pursuant to the findings and decisions of the collector as follows:

First, that the original weights were less than the true weights.

Second, that the true weights were at least the weights shown on the schedule as the true weights.

Third, that the difference between the true weights and duty weights was at least the amounts shown on said schedule.

Fourth, that the said difference was caused by fraudulent underweighing and fraud against the United States and its revenues by reason of which the amount as above stated became and still remains due.

That more than fifteen days prior to the commencement of this action and subsequent to March 12, 1912, the plaintiff notified the defendant of the reliquidation and demanded the above amount, which was refused.

The demand is for the above amount with interest, costs and disbursements.

W. Cleveland Runyon, Sp. Asst. Atty. Gen., of New York City, for plaintiff.

Ernest A. Bigelow, of New York City, for defendant.

COXE, Circuit Judge (after stating the facts as above). The question presented by the demurrer is whether the collector's decision that the original entries were fraudulent is final and conclusive. In other words, could the successor of the collector who liquidated duties on the original entries, determine ten years afterwards, in an ex parte proceeding, that the sugar was fraudulently underweighed, and is his decision to that effect final and conclusive upon the defendant? The defendant insists that the existence of fraud in the original liquidation is a fact to be proved by the plaintiff, and it is not proved by the allegation in the complaint that the collector found it to exist. The defendant contends, therefore, that if the complaint be sustained, it has had and can have no hearing upon the vital question in the case— whether or not there was a fraudulent undervaluation. It would seem to follow as an inevitable conclusion that if the plaintiff's theory of the action be correct, the defendant may be compelled to pay over a hundred thousand dollars because of an alleged fraud which, in fact, never existed and the nonexistence of which the defendant is debarred from proving.

Section 21 of the Act of June 22, 1874, 18 Stat. L. part 3, pp. 186, 190 (U. S. Comp. St. 1901, p. 1986), is as follows:

"That whenever any goods, wares, and merchandise shall have been entered and passed free of duty, and whenever duties upon any imported goods, wares, and merchandise shall have been liquidated and paid, and such goods, wares, and merchandise shall have been delivered to the owner, importer, agent, or consignee, such entry and passage free of duty and such settlement of duties shall, after the expiration of one year from the time of entry, in the absence of fraud and in the absence of protest by the owner, importer, agent, or consignee, be final and conclusive upon all parties."

This statute provides, in substance, that where goods are entered, pay duty and are delivered to their owner, such settlement of duties,

shall, after the expiration of one year from the time of entry, in the absence of fraud, be final and conclusive upon *all* parties. That is to say, if the collector levies duties which are paid and the goods are delivered to the owner, the transaction, if free from fraud, cannot be inquired into after a year has elapsed from the time of entry. If fraud be shown, it may be inquired into. Who is to determine the existence of this fraud? If the collector be the sole and final arbiter, he is invested with autocratic powers. At any time he may, by the mere assertion that he has found an entry which is fraudulent, reliquidate it, without a particle of proof and the victim is remediless.

The plaintiff presents an elaborate argument to prove that it is the policy of government to confine all disputes relating to the assessment and collection of duties to the special tribunals created by Congress. This is undoubtedly the fact, but I do not see how the defendant could have appealed to these tribunals without being in danger of waiving the very contention which is the foundation of its defense.

The defendant is here because the plaintiff brought it here and it is entitled to show if it can that the complaint fails to state a cause of action. In determining that question the court can examine only the complaint and the demurrer.

Pursuant to section 21, supra, the original liquidations and payments of duties were final and conclusive upon all parties in the absence of fraud. If fraud be proved then they are not conclusive. The statute does not say that the collector shall determine this question. But, assuming that he may do so in the first instance, where is the law which makes his decision "final and conclusive"?

If the plaintiff's contention be correct, there will never be a time when the importer will be safe. Whenever the collector desires to do so, he may make a decision of fraud, reliquidate the duties and the importer will be remediless. If the findings and decisions of the collector are final, there is no answer that the defendant can make, even though he can prove conclusively that no fraud existed. Such a result is abhorrent to my sense of justice and is, I think, contrary to the principles of American jurisprudence. If the allegations stated in paragraph ninth of the complaint were stated, not as "findings and decisions," but as *facts,* the defendant by denying them would have its day in court and an opportunity to prove that there was no fraud.

The real issue upon which recovery depends is fraud in the original weighing, and the plaintiff should prove that fraud to the satisfaction of the court and jury. The fact that it was proved to the satisfaction of the collector is not controlling.

The demurrer is sustained, with leave to the plaintiff to amend within twenty days.