## UNITED STATES v. JOHN A. HEITZ, Inc.

(District Court, E. D. Pennsylvania. January 24, 1917.)

No. 4266.

1. CUSTOMS DUTIES ☞81—ACTIONS—FRAUD.

　　Notwithstanding the provisions of Act June 22, 1874, c. 391, 18 Stat. 186, and Act Oct. 3, 1913, c. 16, § 3, 38 Stat. 181, that the liquidation of the amount of customs duties shall be final and conclusive, the United States can maintain an action to recover such duties where it has been defrauded of the amount actually due.

　　[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 197; Dec. Dig. ☞81.]

2. PLEADING ☞218(1)—AFFIDAVIT OF DEFENSE—TRIAL QUESTIONS.

　　Under Practice Act Pa. 1915 (P. L. 486) § 20, where the questions sought to be raised on hearing on affidavit of defense may be raised as trial questions, it is better practice to do so to avoid appeals from interlocutory judgments.

　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 549–551, 555, 556, 564; Dec. Dig. ☞218(1).]

At Law. Action by the United States of America against John A. Heitz, Incorporated. Upon hearing on affidavit of defense. Affidavit overruled in part and sustained in part.

Francis Fisher Kane, U. S. Atty., of Philadelphia, Pa.
Conlen, Brinton & Acker, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The questions now raised were set down for hearing under section 20 of the Pennsylvania Practice Act of May 14, 1915 (P. L. 486). They are demurrer questions. A statement of the general scope and scheme of the customs laws and regulations, with the practice thereunder, is necessary, or at least helpful, to an understanding of what the questions are and how they arise. Goods brought into the country are made subject to the payment of duties or customs taxes. The fact of entry brings in the thought of the person who brings the goods and the goods brought—the person and the res. There is a personification of the res, and a liability for the payment of the tax is imposed upon the rem and also upon the person. The amount to be paid must be determined, and to fix it requires the classification of the things imported, or a valuation of them, and sometimes both. The customs laws and regulations afford his day in court to the person liable for the tax, and name a day when the amount fixed becomes a finality. They provide also for the prevention (so far as possible) of evasions of the tax and through seizure of the rem, and forfeitures, fines, and imprisonment of the person for attempted or successful evasions. The scheme, in its broad outlines, is to have the payment to be made liquidated by an official. His action is based upon, or partly based upon, information supplied or confirmed by the person making the entry. If the sum to be paid as liquidated is acceptable to the importer, nothing more is required. If the liquidation is contested, provision is made for the adjustment of the dispute. Provision is likewise made for the finality of decision reached.

The Act of Congress of June 22, 1874 (c. 391, 18 Stat. 186), provides for cases in which the goods have been passed into the commerce of the country under a classification which admits them free of duty or so passed after an undisputed liquidation of the sum to be paid and its payment.

The Act of October 3, 1913 (c. 16, § 3, 38 Stat. 181), provides for both cases of accepted and disputed assessments of the tax.

[1] It would not, of course, be asserted that the adjudication of the amount of the tax to be paid, which these statutes declare to be final and conclusive, could be opened and a reliquidation had of the payment to be made. The only question open, therefore, is whether the instant case is within these acts.

Counsel for the United States start with the proposition that the customs laws declare what duty (subject, of course, to the ascertainment of the amount in any given case of entry) is to be paid, and lay the obligation of payment upon the person bringing in the goods. United States v. Cobb (C. C.) 11 Fed. 78. Their next proposition is that this obligation of payment continues until met, and is not released or superseded by the added remedies conferred of fines, penalties, and forfeitures. Meredith v. United States, 38 U. S. (13 Pet.) 486, 10 L. Ed. 258. The final proposition (which embraces others not necessary to formulate) is that in case of a liquidation, which is the fruit of fraud, there may be a reliquidation and the payment of the proper tax enforced, notwithstanding the above quoted provisions of the statutes. This is based in part upon the fact that the act of 1874 in terms excepts frauds, and the assertion that the act of 1913 does not embrace fraudulent adjudications. The conclusion is that the United States has a good cause of action to recover the sum of which it has been defrauded.

The denial is, in turn, based upon the proposition that the whole obligation is to make payment of the liquidated sum, and that the claim of the United States rests (if it has any basis) upon the sum reliquidated; and as Congress has made no provision for such reliquidation, but, on the contrary, has declared the liquidation as made to be final and conclusive, there is no one authorized to make a reliquidation, and, in consequence, no basis for the claim set forth in the statement. United States v. Sherman, 237 U. S. 146, 35 Sup. Ct. 520, 59 L. Ed. 883, is relied upon, or rather certain phrases in the opinion accompanying the ruling there made are relied upon to support the position taken. It is well to remind ourselves of the oft-stated caution that the language of every opinion must be read in the light of the facts and ruling in the case disposed of in order to a correct understanding of the expressions used. What, then, were the rulings made in the cited case, and what were the facts upon which the rulings were based? The latter appear in the rulings. The rulings were three:

(1) A reliquidation of the amount of duties to be paid on imported merchandise, made more than a year after a regular entry and made without protest or averment of fraud, is not conclusive upon the importer, and its validity may be attacked by him in an action against him, and he is not restricted to the remedy provided by the Customs

Administrative Acts of protest, payment of duties, reliquidation, and appeal.

(2) In a suit by the United States against an importer, a statement of claim which is based solely upon the fact of a reliquidation, made after the year and made without protest and without averment of fraud, does not disclose a good cause of action.

(3) In such a suit, a statement which merely avers that the collector had found fraud and made a reliquidation, without averring fraud as a fact or averring facts which themselves showed fraud, does not set forth a good cause of action.

After getting the clear light shed by the opinion in this case upon the propositions involved in these rulings, they now seem to be self-evident. It is just as evident that the case itself, nor anything in the opinion, is authority, nor could be authority for the contrary doctrine that an importer was released of his obligation to pay customs duties properly payable by fraudulently procuring them to be admitted, as if properly not subject to duties.

It is as clear that this case recognizes a right of action in the government, as that it denies power in the collector or other official to adjudicate the case by finding fraud, determining what is owing and enforcing payment so that the adjudication concludes the defendant and deprives him of all right to contest the findings.

An action will lie for duties which through fraud have not been paid. United States v. National Fibre Co. (D. C.) 133 Fed. 596. The case of United States v. Federal Sugar Co. (D. C.) 211 Fed. 1016 (relied upon by defendant), is itself an authority to sustain an action. It illustrates the distinction between an action based upon fraud averred as a fact and based upon the findings and decisions of the collector. This is nothing else than the distinction between an averment of fraud in fact and an averment that some one had said there was fraud.

The conclusion indicated disposes of the only question which goes to the vitals of the case. There are some which go only to the formalities of the statement of claim. As counsel for the United States have intimated a wish to avoid all such questions by amending the statement, we will not pass upon them until after such amendments are made as counsel desire to make, leave to make which is allowed. Formal disposition of the questions raised by the affidavit of defense can then be made either by its withdrawal by defendant or by order of the court.

[2] One further observation is made bearing upon the practice under the Practice Act. The thought behind section 20 is that questions of law which arise on the face of the statement of claim may be disposed of in limine. There are advantages and serious disadvantages in such a practice. Where the legal questions raised go to the whole cause of action and both parties are content to rest the case and the defense upon the disposition made of them, there is an undoubted gain in disposing of them as demurrer questions. When, however, this is not the case, then there is, or at least may be, introduced all the evils of the practice of appeals from interlocutory judgments from which the Pennsylvania practice has happily been free, except in the few statutory exceptions to the general rule of practice. When therefore the

questions sought to be raised as demurrer questions are questions which may be raised as trial questions, the better practice would seem to be to so rule them. The benefits of so doing are obvious in many cases; not apparent in some and clearly not present in others, but as a rule the advantages lie with the practice indicated. This practice we understand has the sanction of the approval of the Circuit Court of Appeals of the Third Circuit and will be followed until it is otherwise authoritatively ruled.

After the plaintiff has had an opportunity to amend the statement of claim, either side may move a formal disposition of the questions now raised.